UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JARED MARTIN ROWE,<br><br>               Plaintiff,<br>   v.<br><br>RUSSELL D. GARRETT,<br><br>               Defendant. | CASE NO. 3:24-cv-06025-DGE<br><br>ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND DIRECTING PLAINTIFF TO MOVE TO WITHDRAW THE REFERENCE IN THE BANKRUPTCY PROCEEDINGS |

      This matter comes before the Court on its own motion. On December 10, 2024, Plaintiff, proceeding *pro se*, filed a Complaint against Defendant Russell Garret. (Dkt. No. 1). The Complaint references ongoing bankruptcy proceedings in the Bankruptcy Court for the Western District of Washington. (*Id*. at 2; *see* also Dkt. No. 1-15 at 1.) Plaintiff seeks to prevent the Chapter 7 Trustee in Plaintiff's bankruptcy proceedings from taking alleged unauthorized actions in his pending bankruptcy proceedings (*id*. at 1), with the goal underlaying the Complaint being "removal of [Plaintiff's] bankruptcy case to federal district court" (*see* Dkt. No. 1-15 at 2).

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND DIRECTING PLAINTIFF TO MOVE TO WITHDRAW THE REFERENCE IN THE BANKRUPTCY PROCEEDINGS - 1

"Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11," that have been referred and "may enter appropriate orders and judgments" in those matters. 28 U.S.C. § 157(b)(1). The Western District of Washington has referred to bankruptcy judges "*all* proceedings arising under Title 11 or arising in or related to a case under Title 11." LCR 87(a) (emphasis added); 28 U.S.C. § 157(a).

Here, the Complaint's allegations arise out of and are related to proceedings pending under Title 11 before the Bankruptcy Court. Thus, pursuant to Local Civil Rule 87(a), Plaintiff's Complaint would automatically be referred to the Bankruptcy Court.

Notwithstanding, pursuant to 28 U.S.C. § 157(d), a district court "may withdraw, in whole or in part, any case or proceeding referred [to a bankruptcy court] under this section, on its own motion, or on timely motion of any party for cause shown." Local Rule 87(c) clearly states that "[a] motion to withdraw the reference must not be filed with [the district] court but must be filed with the clerk of the bankruptcy court pursuant to Local Rule W.D. Wash. Bankr. 5011-1, which sets forth the procedure for filing such motions and transmitting them to the district court for consideration."

Accordingly, Plaintiff's Complaint and purported notice of removal are not the proper procedural mechanism for transferring Plaintiff's bankruptcy case to the district court. Instead, Plaintiff must file a motion to withdraw the reference with the clerk of the bankruptcy court.

1  The Court therefore DISMISSES Plaintiff's Complaint without prejudice.[1] All pending
2 motions in this matter are hereby STRICKEN and this case is closed. Plaintiff is directed to
3 proceed with filing a motion to withdraw the reference in the bankruptcy proceedings.

Dated this 17th day of December, 2024.

David G. Estudillo
United States District Judge

---

[1] *See* Local Rule W.D. Wash. Bankr. 5011-1(b) ("A motion for withdrawal of reference and any response and reply documents, including memoranda and supporting materials as required by Local Rules W.D. Wash. LCR 7(b) shall be filed with the clerk of court of the bankruptcy court. In addition, the bankruptcy court judge may file a recommendation regarding the motion, including but not limited to a recommendation as to whether reference should be withdrawn, the nature and status of the case, and whether there is need for an expedited resolution. A motion for withdrawal of reference shall be filed and served promptly after service of any pleading or document in which the basis for the motion first arises. Response documents shall be filed and served no later than 14 days after service of the motion for withdrawal. If a response is filed, a reply, if any, shall be filed and served no later than 21 days after filing of the motion.").

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND DIRECTING PLAINTIFF TO MOVE TO WITHDRAW THE REFERENCE IN THE BANKRUPTCY PROCEEDINGS - 3